UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **RON ELLERBUSH,** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0051 AS |
| ) | |
| **JOHN VANNATTA,** ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about January 24, 2005, *pro se* petitioner, Ron Ellerbush, an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on April 14, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through F2, both inclusive, which have been examined here and explicate in great detail the proceedings involved. On June 10, 2005, this petitioner filed a handwritten Traverse.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding designated as MCF 03-11-0062 in and around November 2003. He was found to have committed battery on another person with a weapon or inflicting serious injury. The sanction here included a deprivation

of 90 days earned time credit which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

An inmate may challenge in federal court whether a conviction was supported by "some evidence" only where he has raised that issue in all available administrative appeals. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), and *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). *See also Nelson v. McBride*, 912 F.Supp. 403 (N.D. Ind. 1996). The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The so-called Adult Disciplinary Procedures are state law for these purposes. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not bottom any decision on harmless error.

When this record is examined under the mandates in *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984), there is no basis for the required recusal of any member of the CAB. This petitioner did not request witnesses for his CAB

2

proceeding, and such must be considered a waiver under *Sweeney v. Parke*, 113 F.3d 716 (7th Cir. 1997).

The opportunity to call witnesses is basic to the species of due process outlined in *Wolff*. *See Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). There is sufficient evidence here that this petitioner committed a battery when he spit on Bartley's face. *See Hays v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997). There is not an Eighth Amendment issue with regard to the sanction. *See Harmelin v. Michigan*, 501 U.S. 957 (1991).

The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

DATED:  June 14, 2005

                                         **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**